UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHRIS DZICZKOWSKI, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-141-TAV-JEM |
| ANDERSON COUNTY DETENTION FACILITY and CITY OF CLINTON,[1] | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, an inmate housed in the Anderson County Detention Facility ("ACDF"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that the ACDF has failed to comply with a state court order regarding his sentence [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and his inmate trust account statement [Doc. 7]. For the reasons set forth below, (1) Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**, and (2) this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] and inmate trust account statement [Doc. 7] that Plaintiff is unable to pay the filing fee, this motion [Doc. 4] will be **GRANTED**.

---

[1] While Plaintiff does not list the City of Clinton as a Defendant in the style of his complaint, he refers to the City of Clinton as a Defendant in the first paragraph of the complaint [Doc. 1 p. 1]. Accordingly, the Court lists this municipality as a Defendant.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility, to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and

1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Analysis

Plaintiff claims that the ACDF has not complied with a state court order providing that he would serve his sentence in a Tennessee Department of Correction ("TDOC") facility and enter "substance abuse disorder programs," even though the ACDF has sent other prisoners to TDOC facilities during Plaintiff's incarceration there [Doc. 1 p. 2–3].

3

Plaintiff also states that it is important for him to start and complete certain programs and take classes that TDOC will "acknowledge[] . . . in furtherance of [his] rehabilitation" [*Id.* at 3]. As relief, Plaintiff seeks "an order declaring that . . . [D]efendants have acted in violation of the United States Constitution" and an injunction compelling Defendants to transport him to TDOC [*Id.*].

But Plaintiff does not have a constitutional right to prison rehabilitation programs or prison classes. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs"). Also, Plaintiff does not have a constitutional right to be housed in a certain facility, and he has not set forth any circumstances that would justify the Court's intervention into the administrative decision of where to house him. *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations").

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

4

Case 3:23-cv-00141-TAV-JEM   Document 8   Filed 05/31/23   Page 4 of 5   PageID #: 27

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5

Case 3:23-cv-00141-TAV-JEM   Document 8   Filed 05/31/23   Page 5 of 5   PageID #: 28